# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-60819
Summary Calendar

FREDRICK VANCE

Plaintiff-Appellant

v.

ROBERT BENFORD, Correctional Officer, in his individual and official capacities; ETHEL CARLIZE, Disciplinary Hearing Officer, in her individual and official capacities; LOLA NELSON, Disciplinary Hearing Officer; MARVIN OVERSTREET, Director of Internal Audit Division, CID

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:06-CV-129

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Fredrick Vance, Mississippi prisoner # T7307, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal. The district court denied Vance's motion to appeal IFP and certified that the appeal was not taken in good faith.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

By moving for leave to proceed IFP, Vance is challenging the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

The district court dismissed Vance's 42 U.S.C. § 1983 complaint as frivolous after concluding that it did not involve a protected liberty interest and that he received hearings on his rule violations reports and had prior notice of the hearings, the latter finding having been disputed by Vance. Vance's brief addresses primarily whether the district court correctly determined that his suit did not involve a protected liberty interest. Vance's sole argument regarding a due process violation under Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974), involves whether his due process rights were denied when he was initially placed in administrative segregation and classified as a "disruptive core member." However, this claim was the subject of a prior § 1983 suit Vance filed in the district court, case number 4:05-CV-228, and is barred by the principles of res judicata. See Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402-03 (1940); Russell v. SunAmerica Sec., Inc., 962 F.2d 1169, 1172 (5th Cir. 1992).

Vance has briefed only one of the two issues on which he would have to prevail to demonstrate that the district court's determination that his appeal would be frivolous was incorrect. Vance does not challenge the district court's conclusion that he was afforded the process that was due on the rule violation reports that were the the subject of the instant complaint. Failure to identify an error in the district court's analysis is the same as if the appellant had not appealed the judgment. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Vance has not shown that the district court's determination that his appeal would be frivolous was incorrect. The instant appeal is without arguable merit and is thus frivolous. Accordingly, Vance's request for IFP status is denied, and his appeal is dismissed. See Howard v. King, 707 F.2d 215, 219-20

(5th Cir. 1983); 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous and the dismissal by the district court of Vance's's suit each counts as a strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Vance had already accumulated one other strike. See Vance v. Epps, 4:05-CV-228 (N.D. Miss. 2005). He may no longer proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; MOTION DENIED; 28 U.S.C. § 1915(g) BAR IMPOSED.